IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALVIN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:07-CV-2838-TWT-LTW |
| AGL RESOURCES, INC., ) | |
| a Georgia corporation, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

This action comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. Docket Entry [2]. Having considered the briefing and all supporting documents submitted, and for the reasons set forth more fully below, this Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**. Docket Entry [2].

## BACKGROUND

On October 5, 2007, Plaintiff initiated the instant action in the Superior Court of Fulton County, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., ("Title VII"), and Georgia law. Docket Entry [1-2].

Plaintiff generally claims that he was unlawfully terminated on the basis of his race.[1] (Compl. ¶¶ 4-6). As a remedy, Plaintiff seeks monetary damages and/or injunctive relief. (Compl. ¶ 10). Defendant removed Plaintiff's employment discrimination action to federal court on November 15, 2007. Docket Entry [1].

On November 21, 2007, Defendant moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket Entry [2]. As of February 1, 2008, Plaintiff had not filed a response to Defendant's motion. See generally Docket. Accordingly, this Court issued a Show Cause Order directing Plaintiff to submit a written explanation as to why the undersigned should not recommend that Defendant's motion be granted as unopposed pursuant to Civil Local Rule 7.1B. Plaintiff filed a response to this Court's Show Cause Order on February 11, 2008. Docket Entry [7]. Styled as "Plaintiff's Request for Dismissal of Complaint Without Prejudice," Plaintiff's response provided, in relevant part, that

> [u]pon examination of the applicable law regarding these case issues, and searching Defendant's case cites as enumerated in Defendant's Memorandum and Brief in Support, it appears the case of International Union [of Electrical, Radio and Machine Workers, Local 790 v. Robbins & Myers, Inc.], 429 U.S. 229 (1976), and its progeny, are controlling and

---

[1] Plaintiff's Complaint makes no reference to the date on which Plaintiff last worked for Defendant, let alone identify the precise date of his termination. (See generally Compl.).

2

>dispositive of the main cause of action. . . .  Having found no other authority in support, counsel must in good faith request dismissal of this action.

Docket Entry [7] at 1.

Defendant submitted a reply to Plaintiff's response to the Show Cause Order the following day.  Docket Entry [8].  Defendant contends that Plaintiff's request for a dismissal without prejudice must be denied because Plaintiff has admitted that his claims are meritless and has not offered any justifiable support for his request for a without prejudice dismissal.  Defendant also maintains that any renewed action would be time-barred under Title VII.[2]  Docket Entry [8].

---

[2]Again, Plaintiff's Complaint does not specify the precise date on which Plaintiff last worked for Defendant.  (See generally Compl.).  Absent an allegation identifying the date of Defendant's alleged adverse employment action, this Court cannot unequivocally determine the timeliness of Plaintiff's Title VII claims from the face of the Complaint. Thus, Defendant's assertion that a renewed action by Plaintiff would be time-barred under Title VII, however likely, is unsubstantiated on the pleadings.  See 42 U.S.C. § 2000e-5(e)(1) (before filing a civil action under Title VII, a plaintiff must satisfy certain statutory prerequisites, including the timely filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") "within one hundred and eighty days after the alleged unlawful employment practice occurred"); Ledbetter v. Goodyear Tire & Rubber Co., 421 F.3d 1169, 1178 (11th Cir. 2005); Pijnenburg v. West Ga. Health Sys., Inc., 255 F.3d 1304, 1305 (11th Cir.), reh'g denied, 273 F.3d 1117 (11th Cir. 2001); see also Stewart v. Booker T. Washington Ins., 232 F.3d 844, 849 (11th Cir. 2000) (the 180-day limitations period cannot begin to run until a plaintiff receives unequivocal notice of the adverse employment decision); Grayson v. K Mart Corp., 79 F.3d 1086, 1100 n.19 (11th Cir. 1996).

3

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's claims against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2); FED. R. CIV. P. 12(b)(6). The plaintiff's obligation to allege the grounds of her entitlement to relief requires "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1965 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 78 (1957)). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." Id. at 1965. For purposes of a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. See Erickson v. Pardus, -- U.S. --, 127 S.Ct. 2197, 2200 (2007); Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). A claim can only be dismissed if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974.

## **DISCUSSION**

Defendant asserts that Plaintiff's Complaint should be dismissed because (1)

Plaintiff failed to file a charge of discrimination with the EEOC prior to initiating suit, (2) Plaintiff's Complaint fails to state a *prima facie* case of race discrimination, and (3) the statute upon which Plaintiff predicates his state law claim provides no private right of action for employees.  Defendant also contends that dismissal with prejudice is appropriate.

In this case, Plaintiff not only has failed to respond to Defendant's motion, indicating his non-opposition to the arguments contained therein, see LR 7.1B, NDGa. ("[f]ailure to file a response shall indicate that there is no opposition to the motion"); see also Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997) ("[U]nder Local Court Rule 7.1 of the United States District Court for the Northern District of Georgia, factual and legal claims to which there is no response should be treated as unopposed."), but also has acknowledged, in response to this Court's Show Cause Order, that Defendant's arguments are dispositive of his claims.  Docket Entry [7]. Nevertheless, the parties continue to dispute whether the requested dismissal should be with or without prejudice.  Based on its review of the record, and for the reasons outlined below, this Court finds that dismissal with prejudice is warranted here.

### A.  **Failure to File an EEOC Charge**

Defendant contends that Plaintiff's Complaint fails to state a claim upon which

5

relief may be granted because he failed to file the requisite EEOC charge prior to filing the instant employment discrimination action. This Court agrees.

It is well-established that before bringing a Title VII suit in federal court, an aggrieved employee must file a charge of discrimination with the EEOC and obtain a right-to-sue letter. See 42 U.S.C. § 2000e-5(e); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). The purpose of the EEOC filing requirement is to give that entity "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004). Both the Supreme Court and the Eleventh Circuit have held that procedural requirements such as the timely filing of an EEOC charge and the receipt of a right-to-sue letter are not jurisdictional, rather, they are simply prerequisites "subject to waiver, estoppel, and equitable tolling." See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); see also Smith v. McClammy, 740 F.2d 925, 926 (11th Cir. 1984) (recognizing that the 180-day filing requirement is subject to equitable tolling); Forehand v. Fla. State Hosp. at Chatahoochee, 89 F.3d 1562, 1569-70 (11th Cir. 1996) (recognizing that receipt of a right-to-sue letter is subject to equitable modification). Yet, while both the Supreme Court and the Eleventh Circuit have held that an untimely filing or a failure to obtain a

right-to-sue letter are not *per se* bars to suit, neither has held that a complete failure to file an EEOC charge is excusable. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 n.6 (1984) (clarifying that the Court did not declare in Zipes that the EEOC filing requirement need not ever be satisfied, but rather held that timely filing is subject to waiver and tolling); cf. Hines v. Widnall, 334 F.3d 1253, 1257 (11th Cir. 2003) (holding that plaintiff's failure to file an EEOC claim absolutely barred his claims); Grier v. Sec'y of the Army, 799 F.2d 721, 724 (11th Cir. 1986) (finding that party's "failure to exhaust or even begin her administrative remedies" barred her suit). Indeed, the Eleventh Circuit has repeatedly dismissed Title VII claims for failure to file a charge of discrimination with the EEOC. Thomas v. Kroger Co., 24 F.3d 147, 150 (11th Cir. 1994) (affirming dismissal of Title VII claim where plaintiff failed to file an EEOC charge); Hines, 334 F.3d at 1257 (emphasizing that "filing a complaint with the EEOC is a prerequisite to the equitable exceptions to administrative exhaustion," and concluding that party's failure to file an EEOC claim absolutely barred his claims); Grier, 799 F.2d at 724-25 (party's failure to file an EEOC charge barred suit and warranted dismissal).

The parties do not dispute that Plaintiff has never filed a charge of race-based discrimination with the EEOC. In fact, Plaintiff's Complaint expressly notes that

Plaintiff neither filed an EEOC charge nor received a right-to-sue letter. (Compl. ¶¶ 8-9). In the Complaint, Plaintiff seemingly attempts to justify his failure to file an EEOC charge by noting that he filed a union grievance. (Id. ¶ 8). However, in Plaintiff's response to this Court's Show Cause Order, even Plaintiff recognizes that filing a union grievance does not obviate the need to file a timely EEOC charge. See Int'l Union of Elec., Radio & Mach. Workers, 429 U.S. at 236-40 (reasoning that the existence and utilization of grievance procedures does not toll the running of the time limits applicable to filing charges with the EEOC). Thus, while the timeliness requirement does not erect a jurisdictional prerequisite to suit, see Zipes, 455 U.S. at 397, this does not "suggest[] that parties complaining of federal employment discrimination in violation of Title VII should ever be waived into court without filing *any* initial charge with the agency whose practice is challenged." Grier, 799 F.2d at 724 (citing Kizas v. Webster, 707 F.2d 524, 545-46 (D.C. Cir. 1983)) (emphasis in original). Accordingly, this Court finds that Plaintiff's absolute failure to file an EEOC charge is fatal to his case.[3] Thomas, 24 F.3d

---

[3]Furthermore, at this stage of the proceedings, Plaintiff's failure to file an EEOC charge cannot be excused by equitable tolling. Notably, Plaintiff makes no such argument in support of his request that his case be dismissed without prejudice, see Docket Entry [7], and this Court declines to craft such an argument on Plaintiff's behalf. Regardless, this Court underlines that it is only *after* a charge is filed with the EEOC that a plaintiff can claim equitable tolling to excuse his *untimely* filing. See Hines, 334 F.3d at 1257 ("[F]iling a complaint with the EEOC is a prerequisite to the equitable

at 150; <u>Hines</u>, 334 F.3d at 1257; <u>Grier</u>, 799 F.2d at 724-25.

## B. Failure to State a *Prima Facie* Case of Race Discrimination

Defendant also seeks dismissal of Plaintiff's Title VII claims on the grounds that the Complaint fails to state a *prima facie* case of race discrimination. Again, this Court agrees.

A plaintiff establishes a *prima facie* case of race discrimination under Title VII by showing that "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class." <u>Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.</u>, 342 F.3d 1281, 1289 (11th Cir. 2003); <u>Holifield v. Reno</u>, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam). In this regard, Plaintiff's Complaint alleges only that Defendant provided him with a separation notice bearing the explanation "[t]erminated," that his "right of action is based upon unlawful termination of employment due to race discrimination," and that Defendant's conduct was "discriminatory with respect to the Plaintiff's race." (Compl. ¶¶ 4-6). The Complaint includes no allegations that Plaintiff belongs to a protected class, was qualified to

---

exceptions to administrative exhaustion.") (citing <u>Grier</u>, 799 F.2d at 724).

9

perform his job, suffered an adverse employment action, was replaced by a person outside his protected class, or was treated less favorably than a similarly-situated individual outside his protected class. Maynard, 342 F.3d at 1289; Holifield, 115 F.3d at 1562. Thus, even assuming Plaintiff had filed a timely EEOC charge with respect to his race discrimination claims, his Complaint falls far short of stating the *prima facie* elements of race discrimination. Consequently, Plaintiff's race discrimination claims are ripe for dismissal for failure to state Title VII claims upon which relief can be granted.

### C. Georgia's Employment Security Law

Lastly, Defendant contends that Plaintiff's state law claim cannot survive its motion to dismiss because Georgia's Employment Security law provides no private right of action for employees. Based on a review of the applicable authorities, this Court agrees with Defendant.

The Complaint alleges a violation of O.C.G.A. § 34-8-190(c), explaining that "Plaintiff is not presently employed by Defendant in any capacity," and that the "legal reason provided pursuant to the Employment Security Law, O.C.G.A. § 34-8-190(c), Separation Notice was 'Terminated.'" (Compl. ¶ 5). The statute in question provides, in relevant part, that

> [e]ach employer shall furnish to each employee a separation notice at such

> time as the employee leaves the employment of the employer. The separation notice shall contain detailed reasons for the employee's separation. The employee shall tender this separation notice at the time of filing a claim for benefits. This separation notice shall be in such form as prescribed by rules or regulations of the Commissioner. The Commissioner shall by rule or regulation prescribe the circumstances under which such form must be furnished to the department.

O.C.G.A. § 34-8-190(c). As Defendant correctly explains, and indeed, Plaintiff concedes, the statute does not provide a remedy for an employee, but rather penalizes an employer. Taylor v. Coca-Cola Co., No. Civ. A. 00-2488, 2001 WL 204725, at **11-12 (E.D. La. Feb. 28, 2001) (finding that O.C.G.A. § 34-8-190 "does not provide a remedy for the employee, but rather penalizes the employer" and dismissing alleged violations of that statute for failure to state a claim upon which relief can be granted) (unpublished). Thus, to the extent that Plaintiff attempts to allege a violation of this statute, his state law claim fails as a matter of law. Id.

In sum, this Court finds that Plaintiff has not shown he has met Title VII's statutory prerequisites to bringing an employment discrimination action, that Plaintiff's Complaint fails to state a *prima facie* case of race discrimination as drafted, and that the statute on which Plaintiff predicates his state law claim (O.C.G.A. § 34-8-190) provides no private right of action to an employee. For all these reasons, and particularly in light of Plaintiff's non-opposition to Defendant's motion and failure to articulate arguments

11

in support of his request for a without prejudice dismissal, this Court **RECOMMENDS** that Defendant's motion be **GRANTED** and Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

## **CONCLUSION**

For the foregoing reasons, this Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**. Docket Entry [2]. As this is a Final Report and Recommendation and there are no other matters pending, the Clerk is directed to terminate the reference to the undersigned.

**SO REPORTED AND RECOMMENDED** this 27th day of MARCH, 2008.

                                                s/Linda T. Walker
                                                LINDA T. WALKER
                                                UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALVIN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:07-CV-2838-TWT-LTW |
| AGL RESOURCES, INC., ) | |
| a Georgia corporation, ) | |
| ) | |
| Defendant. ) | |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within ten (10) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district

AO 72A
(Rev.8/82)

court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied 464 U.S. 1050, 104 S.Ct. 729, 79 L.Ed.2d 189 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 27th day of MARCH, 2008.

s/Linda T. Walker
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)